STONE ET AL., EX REL. VILLAGE OF MANCHESTER, *v.*
OSBORN, MAYOR, ET AL.

*Municipal corporations—Not more than one subject con-*
*tained in ordinance, when—Section 4226, General Code—*
*Sale of municipal electric light plant valid—Provision re-*
*quiring purchaser to furnish free light not discriminatory*
*—Sale of equipment, lease of realty and granting fran-*
*chise valid—Sections 3698, 3699 and 3703, General Code*
*—Courts will not interfere with performance of adminis-*
*trative function, when—Sale to member of board of trus-*
*tees not void, when—Sections 12910, 12911 and 12912,*
*General Code—Defect in failure to require security cured*
*by executed contract.*

1. Ordinance authorizing village board of trustees to lease real
   estate, sell equipment and appliances of municipal electric
   light plant, and grant franchise to purchaser to operate
   same, *held* not to deal with more than one subject, in
   violation of Section 4226, General Code, since the three
   things mentioned are necessary to carry out the single
   object, which is the sale of the plant.

2. Ordinance providing that purchaser of municipal electric
   light plant shall furnish village electric energy free of
   charge for ten years, *held* not unlawful discrimination
   against private consumer because it permits persons not
   privately consuming electricity to obtain benefit of public
   lighting free.

3. Sale of equipment of municipal light plant, lease of realty,
   and grant of franchise at same time *held* not violation of
   Sections 3698, 3699 and 3703, General Code, authorizing
   municipality to sell or lease realty and sell personalty
   if not needed for municipal purposes.

4. Court will not substitute its judgment for that of municipal
   board or officer performing administrative functions on
   any question which board or officer is authorized to deter-
   mine, except for abuse of discretion or for fraud or
   collusion.

5. Sale of municipal light plant and grant of franchise to
   member of municipal board of trustees, who continued as
   member until two days before he submitted bid for prop

erty, *held* not fraudulent or violation of Sections 12910 and 12911, General Code, punishing public officers interested in contract for purchase of municipal property.

6. Sale of municipal light plant and grant of franchise to member of municipal board of trustees, who continued as member until two days before he submitted bid for property, *held* not in violation of Section 12912, General Code, punishing municipal officers interested in municipal contracts during term or for one year thereafter.

7. Contract for sale and lease of municipal electric light plant prohibiting purchaser from selling or incumbering personalty and granting municipality lien on all property to secure performance of contract, cured ordinance failing to require security in authorizing sale and lease of plant.

(Decided January 6, 1927.)

APPEAL: Court of Appeals for Adams county.

*Messrs. Bagby & Bagby,* and *Messrs. Nichols, Speidel & Nichols,* for plaintiffs.

*Mr. Edgar G. Millar,* and *Messrs. Blair & Littleton,* for defendants.

SAYRE, J. June 8, 1926, the council of the village of Manchester, Ohio, passed an ordinance directing the board of trustees of public affairs to lease the real estate and sell the personal property belonging to and used in the operation of the municipal electric light plant of the village and to grant a franchise to the purchaser and lessee thereof to enable him to operate the same. The sale was made and the lease entered into on August 28, 1926. June 30, 1926, the plaintiffs, who are taxpayers of Manchester, brought this suit to enjoin the defendants, the mayor, clerk, treasurer and board of trustees of public affairs, from selling or leasing any such property, real or personal. A supplemental petition was filed September 30, 1926, in which it was

averred that one J. A. Shriver, who had been a member of the board of trustees of public affairs since the first Monday in January, 1926, had resigned on August 12, 1926, and on August 14, 1926, had made a bid in writing to purchase and lease the property above referred to at an inadequate price, and that his bid had been accepted. The prayer of the supplemental petition is that the ordinance, bid, sale, and lease be declared void, that defendants be enjoined from further carrying out such sale and lease, and for all other proper relief.

It is claimed that the ordinance is invalid because it contains more than one subject in violation of Section 4226, General Code. The title reads as follows:

"An Ordinance Authorizing the Board of Trustees of Public Affairs of the Village of Manchester, Ohio, to Lease the Real Estate and Sell the Equipment and Appliances of the Municipal Electric Light Plant of said Village and Grant a Franchise to the Purchaser and Lessee thereof to Improve, Enlarge, and Operate the Same."

It was held in *Elyria Gas & Water Co.* v. *Elyria,* 57 Ohio St., 374, 49 N. E., 335, that distinct measures, like the purchase of waterworks and the erection of new ones, could not be combined in one resolution of council, because it was the object of the statute that the proposition for each separate improvement "shall stand on its own merits, unaided by combination" with any other measure.

The language of Judge Cooley, quoted in *Heffner* v. *City of Toledo,* 75 Ohio St., 413, at page 424, 80 N. E., 8, 9, is that the general purpose of such provisions as are contained in Section 4226 "is accom-

plished when a law has but one general object, which is fairly indicated by its title.''

It seems to us clear that the ordinance in hand does not deal with more than one measure or more than one general object, and that general object is to unload the municipal electric light plant of Manchester upon some purchaser who will be compelled to operate it. Now, in order to accomplish such object it became necessary, it seems, in the view of council, to sell the personal property to such purchaser, to lease the real estate to him, and to grant him a franchise to operate the municipal plant. These three things were necessary to carry out the one measure or object. There is here no violation of Section 4226.

The ordinance of June 8, 1926, provides that the purchaser shall furnish the village, free of charge for ten years, electric energy according to the rates named in the ordinance to an extent that if charged for according to such rates would equal $2,400 annually. Another claim is made to the effect that when a municipality does not own and operate an electric light plant, it is an unlawful discrimination against the private consumer to furnish electricity for public municipal purposes without a levy therefor. We are unable to see the force of this objection. The argument is stated as follows:

''The individual who does not become a private consumer at once becomes a public consumer, free of charge. Such a one gets the benefit of the public lighting without a single bit of expense and herein consists the unlawful discrimination.''

The idea seems to be that if no levy is made for the purpose of paying for the light furnished in public places those who do not use electricity will

get the benefit of the public light free.   This is
certainly not very serious.   Does not the inhabitant
who pays no taxes get the benefit of public light-
ing free when the city pays for its light by taxa-
tion?   And is there not then a discrimination in
favor of such person and against the taxpayer?
No scheme can be devised which will operate with-
out some discrimination.

It is conceded on all hands that the Manchester
municipal light plant had become obsolete and in-
adequate, that it could not be operated without loss,
and that within the language of Section 3698, Gen-
eral Code, the real and personal property used in
the operation of such light plant was "not needed
for any municipal purpose."

One of the principal arguments in favor of the
injunction is that the personal and real property
should be sold separately, and that the municipal
plant should not be sold as a going concern, and
that since the intention of the council as expressed
in the ordinance is to have the purchaser con-
tinue the business of furnishing electric light and
power to the village and its inhabitants, and since
a franchise has already been granted to another
company to furnish electric energy in said city, it
will result in the property selling for less than a
fair and adequate price, and that such scheme of
lease and sale as provided in the ordinance of June
8 is a violation of Section 3698, General Code.
But we can see in such scheme of lease and sale as
proposed in the ordinance no violation of Section
3698, which provides that a municipality may sell
or lease real estate and may sell personal property
if not needed for any municipal purpose.   The pro-
cedure for such sale or lease of property is defined

in Sections 3699 and 3703, but we can find nothing in those sections which runs counter to the plan adopted by the council.

Now, with the question whether from a business standpoint the scheme was wise or unwise this court has nothing to do. The rule is that the court will not substitute its judgment for that of the board or officer performing administrative functions upon any question such board or officer is authorized by law to determine, except for an abuse of discretion or for fraud or collusion on the part of such board or officer. *Brannon* v. *Board of Education,* 99 Ohio St., 369, 124 N. E., 235; *State ex rel. City of Dayton* v. *Patterson,* 93 Ohio St., 25, 112 N. E., 142; *State ex rel. Clemmer & Johnson Co.* v. *Turner,* 93 Ohio St., 379, 113 N. E., 327.

It appears that J. A. Shriver was a member of the board of trustees of public affairs of Manchester from January 1, 1926, until he resigned on August 12, 1926; that he was such member when the ordinance of June 8 was passed; that it was on his motion that the ordinance was approved by the board of trustees of public affairs and a resolution to carry such ordinance into effect was also passed; that he continued as such member until two days before he on August 14 submitted a bid as purchaser for the property which was to be leased and sold; and that the board of trustees of public affairs awarded the same to him and his associates, who had formed a partnership to lease and purchase the property advertised for lease and sale. It is contended that this action on the part of Mr. Shriver and his associates amounts to actual and constructive fraud and is in violation of the statutes of Ohio.

We are unable to find anything in the record which amounts to fraud, and, unless the contract between Mr. Shriver and his associates on the one hand, and the board of trustees of public affairs on the other, is invalid by reason of statutory provisions, the contract must stand.

Sections 12910, 12911, and 12912, General Code, read as follows:

Section 12910. "Whoever, holding an office of trust or profit by election or appointment, or as agent, servant or employe of such officer or of a board of such officers, is interested in a contract for the purchase of property, supplies or fire insurance for the use of the county, township, city, village, board of education or a public institution with which he is connected, shall be imprisoned in the penitentiary not less than one year nor more than ten years."

Section 12911. "Whoever, holding an office of trust or profit, by election or appointment, or as agent, servant or employe of such officer or of a board of such officers, is interested in a contract for the purchase of property, supplies or fire insurance for the use of the county, township, city, village, board of education or a public institution with which he is not connected, and the amount of such contract exceeds the sum of fifty dollars, unless such contract is let on bids duly advertised as provided by law, shall be imprisoned in the penitentiary not less than one year nor more than ten years."

Section 12912. "Whoever, being an officer of a municipal corporation or member of the council thereof or the trustee of a township, is interested in the profits of a contract, job, work or

services for such corporation or township, or acts as commissioner, architect, superintendent or engineer, in work undertaken or prosecuted by such corporation or township during the term for which he was elected or appointed, or for one year thereafter, or becomes the employe of the contractor of such contract, job, work, or services while in office, shall be fined not less than fifty dollars nor more than one thousand dollars or imprisoned not less than thirty days nor more than six months, or both, and forfeit his office.''

These are the only sections of the statutory law that deal with the matter in any way, and certainly Mr. Shriver has not violated either the letter or spirit of Sections 12910 and 12911.

Has he violated Section 12912? The answer to this question depends upon the language in the section to which the phrase, ''or for one year thereafter,'' relates.

The original section found in 66 Ohio Laws, at page 164, Section 92, reads:

''No member of the council or any officer of the corporation shall be interested, directly or indirectly, in the profits of any contract, job, work, or services (other than official services to be performed for the corporation) nor shall any member or officer act as commissioner, architect, superintendent or engineer in any work undertaken or prosecuted by the corporation during the term for which he was elected or appointed, or for one year thereafter.''

By the revision of 1880 (Section 6976, Revised Statutes), the section was changed to read as follows:

''An officer or member of the council of any

municipal corporation or the trustee of any township who is interested directly or indirectly in the profits of any contract, job, work or services for the corporation or township, or acts as commissioner, architect, superintendent or engineer in any work undertaken or prosecuted by the corporation or township during the term for which he was elected or appointed, or for one year thereafter, shall be fined * * *."

The meaning of the section has not been changed since the revision of 1880 in so far as the question in hand is concerned. We cannot see in the revision of 1880 any intention to change the meaning of the original act, so that under the rule announced in *State ex rel.* v. *Com'rs. of Shelby County*, 36 Ohio St., 326, the construction must be the same as before the revision.

The original form of the section is not confusing. The prohibition is, first, against any municipal officer being interested in the profits of any contract * * * other than for his official services, and, second, against any municipal officer acting as commissioner * * * in any work undertaken or prosecuted by the corporation during his term or for the year following. The officer is forbidden to become interested in the profits, job, work, or service for the corporation. The officer is also forbidden to act as commissioner, architect, superintendent, or engineer in work undertaken or prosecuted by the corporation during a stated period of time, that is, during his term and the year following.

We decline to follow the decisions in *City of Findlay* v. *Parker et al., Trustees*, 17 C. C., 294, 9 C. D., 710, and *State ex rel. Winn* v. *Wichgar, Aud.*, 17 C. D., 743, 3 O. L. R., 534.

Mr. Shriver did not violate Section 12912.

In the original ordinance there was no provision requiring security that the contract would be carried out by the purchaser, but this omission is cured by the stipulation in the contract itself wherein it is provided:

"The parties hereby adopt as a part of this contract, that said personal property is to be used by second party or their assigns, for the purpose of operating the electric light plant, and producing electrical energy only, as provided in said ordinance; and that said second party has no right to, and will not sell, encumber, dispose of or remove said personal property or any part thereof from said village of Manchester, Adams county, Ohio, without the written consent of the council of said village, or other officer of said village legally in charge thereof, and that the first party has and retains a lien on all of said property so sold and to the leasehold estate herein of second party, to secure the compliance of second party with all the obligations of said ordinance and resolution hereunder."

Since the provision for lack of which the ordinance is challenged is in the contract, there is no ground for objection either to the ordinance or contract for the reason stated.

There are other questions in the case, but we do not deem it necessary to go into them.

The decree will be for the defendants, and the petition will be dismissed.

*Decree for defendants.*

MAUCK, P. J., and MIDDLETON, J., concur.